Tagged Opinion



**ORDERED in the Southern District of Florida on April 03, 2008.**

Paul G. Hyman, Chief Judge
United States Bankruptcy Court

_____

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
West Palm Beach Division**

IN RE:                                             CASE NO: 07-20488-BKC-PGH

Laura Martias,                                     Chapter 7
    Debtor.
_____/

### ORDER OVERRULING TRUSTEE'S OBJECTION TO EXEMPTIONS, OBJECTION TO SECOND AMENDED SCHEDULE C, AND MOTION FOR TURNOVER

**THIS MATTER** came before the Court for hearing on March 24, 2008, upon Deborah C. Menotte's ("Trustee") *Objection to Exemptions, Objection to Second Amended Schedule C, and Motion for Turnover* ("Objection"), wherein the Trustee objects to Laura Martias's ("Debtor") claim of exemption for part of the Debtor's 2007 tax refund claimed as exempt pursuant to Florida Statutes § 222.25(4).

### BACKGROUND

The facts of this matter are undisputed.[1] On November 29,

---

[1] The parties filed a *Joint Stipulation of Facts*(C.P. #44).

2007, the Debtor filed a voluntary Chapter 7 petition. The first Meeting of Creditors was scheduled for January 3, 2008, but was continued. A new Meeting of Creditors was scheduled and conducted on February 19, 2008.

The Debtor's initial Schedule "C" indicated that the Debtor claimed her residence ("Real Property") as exempt, and the Debtor's initial Statement of Intention indicated that the Debtor intended to reaffirm the debt securing the Real Property. The Debtor's Schedule "A" listed the value of the Real Property at $200,000. However, Debtor's Schedule "D" listed the amount of debt on the Real Property as $244,000. At the time of the filing, the Debtor was attempting to borrow money from relatives in order to reinstate the mortgage on the Real Property which had been in foreclosure since June 28, 2007. By mid-January 2008, it became increasingly clear to the Debtor that she was not going to be able to secure the funds necessary to reinstate her mortgage.

On January 22, 2008, the Debtor's 2007 tax return was executed. On January 31, 2008, the Debtor filed Amended Schedules "B" and "C". Schedule "B" was amended to reflect that a tax refund in the amount of $5,512.00 was due from Debtor's 2007 tax return. Schedule "C" was amended to remove the claim of homestead exemption for the Debtor's Real Property, and to claim $1,512.00 of the

2

pending tax refund exempt pursuant to Fla. Stat. § 222.25(3)[2], and $4,000.00 of the pending tax refund exempt pursuant to § 222.25(4). Also on January 31, 2008, the Debtor filed an Amended Statement of Intention indicating that the Debtor intended to surrender the Real Property.

On March 19, 2008, the Debtor filed a Second Amended Schedule "C" claiming $3,519.00 of the tax refund exempt pursuant to Fla. Stat. § 222.25(3). The amount in controversy is the balance of the tax refund in the amount of $1,993.00[3] that the Debtor claimed exempt pursuant to Fla. Stat. § 222.25(4). The Debtor continues to reside at the Real Property.

## CONCLUSIONS OF LAW

The Trustee objects to the Debtor's claim of exemption pursuant to Florida Statutes § 222.25(4). Section 222.25(4) provides:

> The following property is exempt from attachment, garnishment, or other legal process:
>
> * * *
>
> (4) A debtor's interest in personal property, not to exceed $4,000, if the debtor does not claim or receive the benefits of a homestead exemption under s. 4, Art. X of

---

[2] Fla. Stat. §222.25(3) provides an exemption for a debtor's interest in a credit or refund traceable to the federal earned income tax credit for low income individuals.

[3] The Court notes a discrepancy between the joint stipulation and Debtor's Second Amended Schedule "C". The joint stipulation states that the amount of the tax refund claimed as exempt pursuant to §222.25(4) is $1900.00, however the Second Amended Schedule "C" lists $1993.00 as amount of the tax refund claimed as exempt pursuant to §222.25(4).

> the State Constitution. This exemption does not apply to
> a debt owed for child support or spousal support.

Fla. Stat. § 222.25(4) ("Statutory Personal Property Exemption").

As discussed in this Court's recent opinion in *In re Shoopman*, Case No.: 07-19450-BKC-PGH, (C.P. #44), section 222.25(4) sets forth a bright-line test to determine if a debtor is eligible to exempt up to $4,000 worth of personal property. Simply stated, the test allows a debtor to claim the Statutory Personal Property Exemption if the debtor does not claim the constitutional homestead exemption or does not otherwise receive the benefits of the constitutional homestead exemption.

In this case, the Trustee objects to the Debtor claiming the Statutory Personal Property Exemption based upon the Debtor having initially claimed the Real Property as exempt, and then subsequently amending Schedule "C" to indicate that the Real Property is non-exempt. However, the Court finds that the Debtor properly amended her schedules pursuant to Rule 1009(a), which permits the amendment of schedules "as a matter of course at any time before the case is closed." Fed. R. Bankr. P. 1009(a). The "'permissive approach,' allowing amendment at any time before the case is closed and denying courts discretion to reject amendments, has been endorsed in several circuits." *Lucius v. McLemore*, 741 F.2d 125, 127 (6th Cir. 1984). In the Eleventh Circuit, courts have no "discretion to deny amendments to claims of exemption, unless a showing of bad faith by the debtor or prejudice to a creditor is

4

made by clear and convincing evidence." *In re Jordan,* 332 B.R. 472, 475 (Bankr. M.D. Fla. 2005)(*citing Doan v. Hudgins (In re Doan)*, 672 F.2d 831, 833 (11th Cir.1982); *In re Talmo*, 185 B.R. 637, 645 (Bankr. S.D. Fla. 1995)). In this case, the Trustee does not assert that the Debtor acted in bad faith in amending her schedules or that any creditor has been prejudiced. Furthermore, the Debtor's amendment to Schedule "C" relates back to the petition date. *In re Ball,* 201 B.R.204, 208 (Bankr. N.D. Ill. 1996). Thus, pursuant to the Debtor's Second Amended Schedule "C", the Debtor does not claim the constitutional homestead exemption for the Real Property.

The Trustee nevertheless argues that the Debtor received the benefits of the homestead exemption by, among other things, residing in the Real Property and initially stating her intention to reaffirm the debt securing the Real Property. The Court rejected these same arguments in *Shoopman*, finding that a debtor's occupancy of property and statement of intention were irrelevant to the issue of whether the debtor claimed the homestead exemption or otherwise received its benefits. *See Shoopman*, Case No.: 07-19450-BKC-PGH. In this case, the Debtor has not received the benefit of the homestead exemption for the Real Property that has been in foreclosure since June 28, 2007.

Finally, the Trustee, relying upon *In re Franzese*, 2008 WL 515631 (Bankr. M.D. Fla. 2008), maintains that the Debtor received the benefit of the constitutional homestead exemption because the

Debtor was entitled to claim the benefit of the homestead exemption regardless of whether she realized its advantage. This argument is also unpersuasive to the Court. In *Franzese*, Judge Jennemann determined that the debtor, who had not claimed the constitutional homestead exemption, had nevertheless received its benefit based upon the home being owned with the debtor's non-filing spouse in a tenancy by the entireties. *Id. Franzese* is inapposite to this matter. The Debtor in this case is unmarried, and therefore the tenants by the entireties issues raised in *Franzese* are not implicated in this case.

For the reasons stated above, the Court finds that the Debtor, having not claimed the constitutional homestead exemption pursuant to the Amended Schedules, nor otherwise received its benefit, is eligible to claim the Statutory Personal Property Exemption.

## ORDER

The Court, having heard the argument of counsel, having reviewed the submissions of the parties, the applicable law, and being otherwise fully advised in the premises, does hereby:

**ORDER AND ADJUDGE** that:

1.    Trustee's Objection is **OVERRULED.** The Debtor is eligible to claim the Statutory Personal Property Exemption provided by Fla. Stat. § 222.25(4).

2.    Trustee's Motion for Turnover is **DENIED.**

###

6

```
Copies Furnished to:
Alan R. Crane, Esq.
James S. Caris, Esq.
AUST
```